be restored; the costs directed, of course, may not be charged as a disbursement or considered in the fee in the event of a recovery, and the attorney's closing statement should verify this to be the fact *(Schickler v Seifert, supra,* p 817). All concur except Simons and Mahoney, JJ. who dissent and vote to affirm the order in the following memorandum: We dissent from the majority's decision that the Trial Justice abused his discretion in denying the application to restore this action to the Trial Calendar. This cause of action arose in 1966. Suit was commenced in 1967. The case was originally noticed for trial in 1972, not by the plaintiff, but by a defendant. The action was reached for trial in 1974 and was stricken when plaintiff failed to appear or proceed. At the time of plaintiff's first application to restore, this action had been docketed only a few days less than the one-year period. It is the order denying that application which is reversed here. The only affidavit before the trial court on that motion was a one and one-half page statement by plaintiff's attorney which asserted in one brief paragraph, and in the most conclusory and summary fashion, that the action had merit and had been docketed because of the attorney's illness of nine and one-half months. There was no factual support for either of these assertions. Plaintiff was not represented on the return of the motion and the motion was denied by order dated January 18, 1975. None of the averments relied upon in the majority memorandum to support this reversal was before the trial court prior to that order. The information the majority rely upon was submitted to the court upon plaintiff's second and third motions, both of which were decided after the action had been docketed for more than a year. That information should not be considered to reverse the court's order of January 18, 1975. In our judgment, plaintiff's submission falls well short of the requirements of our rules that motions to restore made within one year of docketing must be supported by affidavit "satisfactorily explaining" the docketing of the action and stating meritorious reasons for its restoration (22 NYCRR 1024.13). The majority's reversal of the order involved in the appeal establishes that rule requires little more than a *pro forma* request for restoration and one which may be denied by the Trial Judge only at his peril, else he be held upon appellate review to have abused his discretion. In passing, we note that of the three unsuccessful motions made by plaintiff, it was not until plaintiff's third effort that his submission approached the content and form which a Trial Justice might reasonably expect considering the age of this case, and even this third effort, in our judgment, was deficient in substance (see *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; and see *Chavoustie v Village of Newark* 52 AD2d 1064). The majority apparently view the second and third applications similarly since it bases its decision upon reversal of the first. order and less stringent requirements applicable to motions to restore made within the one-year period after the case has been stricken from the Trial Calendar. (Appeal from order of Monroe Supreme Court— restore to calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ,

■ BARBARA L. SESAN, as Executrix of HERMAN SESAN, Deceased, Appellant, v AMERICAN HOME PRODUCTS CORP., et al., Respondents. (Appeal No. 2.) —Appeal dismissed, without costs, as academic. (Appeal from order of Monroe Supreme Court—restore to calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ BARBARA L. SESAN, as Executrix of HERMAN SESAN, Deceased, Appellant, v AMERICAN HOME PRODUCTS CORP. et al., Respondents. (Appeal No. 3.) —Appeal dismissed, without costs. as academic. (Appeal from order of

Monroe Supreme Court—restore to calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ In the Matter of the City of Buffalo, Respondent. Joseph F. Orlando, Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, and motion denied. Memorandum: Respondent, City of Buffalo (City), alleges that the appellants defrauded the City by securing payment for services which they did not render. Special Term granted the City's motion to examine appellant "to aid it [City] in bringing an action" against each of the appellants. Among other contentions, appellants claim that preaction disclosure should not be permitted that no showing has been made that the requested disclosure is "material and necessary" (CPLR 3101, subd [a]). They assert that the City knows the identity of the prospective defendants and that as their employer the City has the payroll and general employment records from which it can secure the information it seeks. The City has not denied this claim and has not indicated that it made any effort to examine its own records to determine whether it has the information it alleges it needs in order to frame its complaints. The following statement in *Zakarias v Radio Patents Corp.* (20 AD2d 795, 796) is applicable to the facts before us: "In our opinion, the facts disclosed * * * indicate that [it] has sufficient information to enable [it] to draw a complaint without the examination which [it] seeks *(New Rochelle Precision Grinding Corp. v. Marino,* 9 AD2d 685, and cases cited). An examination will be denied where its object is to enable plaintiff to state the amount of damages, since damages can be estimated." (See, also, *Matter of Milbank v Milbank,* 35 AD2d 940; *Stewart v Socony Vacuum Oil Co.,* 3 AD2d 582.) It may be that after service of its complaints the City might be entitled to disclosure in order to amend its complaints or to secure information material and necessary to prosecute its actions, if so advised. Under the circumstances its application is premature and its motion is denied. In view of our determination it is unnecessary to reach any other questions urged by appellants. (Appeal from order of Erie Supreme Court—disclosure.) Present—Marsh, P. J., Cardamone, Goldman and Witmer, JJ.

■ In the Matter of the City of Buffalo, Respondent. Fabian Catalano, Appellant. (Appeal No. 2.)—Order unanimously reversed, without costs, and motion denied. Same memorandum as in *City of Buffalo v Orlando* (52 AD2d 1061). (Appeal from order of Erie Supreme Court—disclosure.) Present—Marsh, P. J., Cardamone, Goldman and Witmer, JJ.

■ In the Matter of the City of Buffalo, Respondent. John Sinatra, Appellant. (Appeal No. 3.)—Order unanimously reversed, without costs, and motion denied. Same memorandum as in *City of Buffalo v Orlando* (52 AD2d 1061). (Appeal from order of Erie Supreme Court—disclosure.) Present—Marsh, P. J., Cardamone, Goldman and Witmer, JJ.

■ In the Matter of the City of Buffalo, Respondent. Joseph E. O'Connell, Appellant. (Appeal No. 4.)—Order unanimously reversed, without costs, and motion denied. Same memorandum as in *City of Buffalo v Orlando* (52 AD2d 1061). (Appeal from order of Erie Supreme Court—disclosure.)—Present—Marsh, P. J., Cardamone, Goldman and Witmer, JJ.

■ In the Matter of the City of Buffalo, Respondent. Vincent Marino, Appellant. (Appeal No. 5.)—Order unanimously reversed, without costs, and motion denied. Same memorandum as in *City of Buffalo v Orlando* (52 AD2d 1061). (Appeal from order of Erie Supreme Court—disclosure.) Present—Marsh, P. J., Cardamone, Goldman and Witmer, JJ.

■ Barden & Robeson Corporation, Respondent, v Bondina L. Fer-